**DEALERS SUPPLY COMPANY, INC., Plaintiff,**

v.

**CHEIL INDUSTRIES, INC., and SAMSUNG CHEMICAL (USA), Defendants.**

No. 1:03 CV 00654.

United States District Court, M.D. North Carolina.

Nov. 1, 2004.

James H. Hughes, Hutson Hughes & Powell, Durham, NC, for Plaintiff.

J. Michael Crowell, Daniel W. Clark, Tharrington Smith, Raleigh, NC, for Defendants.

*ORDER*

OSTEEN, District Judge.

This matter is before the court on Defendants' Motion to Stay, Transfer or Dismiss Pursuant to the First–Filed Rule or, in the Alternative, for an Order to Transfer Pursuant to 28 U.S.C. § 1404(a). Upon consideration of the parties' argu-

ments, and for the reasons set forth below, the court hereby finds:

Plaintiff Dealers Supply Company, Inc. ("Dealers") is a Durham, North Carolina, wholesale distributor of flooring and solid surface counter top and sink materials. Defendant Cheil Industries, Inc. ("Cheil"), a Korean corporation, manufactures a solid surface counter top and sink product known as Staron, and sells it in the United States through its U.S. subsidiary, Samsung Chemical USA, Inc. ("Samsung"). Dealers entered into an oral exclusive distributorship agreement with Cheil and Samsung in August 2000, but the relationship was terminated by Cheil and Samsung in April 2003.

On May 6, 2003, Samsung filed an action entitled *Samsung Chemical USA, Inc. v. Dealers Supply Co.* in the Superior Court of the State of California for the County of Los Angeles ("Samsung Action"). No. BC295207 (Cal.Super. Ct. filed May 6, 2003). Samsung initiated the action to: (1) recover $120,264.30 owed to Samsung by Dealers for unpaid inventory still in Dealers' possession; and (2) obtain declaratory relief that Samsung rightfully terminated its relationship with Dealers and that Dealers no longer had the right to distribute Samsung's products.

On June 6, 2003, before Dealers received notice or process of the Samsung Action, Dealers filed an action against Cheil and Samsung in the Superior Court of the State of North Carolina for the County of Durham ("Dealers Action"). No. 3CV:02935 (N.C.Super. Ct. filed June 6, 2003). Dealers brought claims against Cheil/Samsung for breach of distributorship agreement, or in the alternative, breach of partnership agreement; negligent misrepresentation; and unfair and deceptive trade practices pursuant to Chapter 75 of the North Carolina General Statutes.

Cheil and Samsung were served in the Dealers Action on June 9, 2003. Dealers received the summons and complaint in the Samsung Action on June 12, 2003. On July 7, 2003, Samsung filed a Notice of Removal of the Dealers Action, based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(b), to this court. On July 11, 2003, Dealers filed a Notice of Removal of the Samsung Action from the Los Angeles Superior Court to the United States District Court for the Central District of California on the same basis.

On August 8, 2003, in the instant action, Cheil and Samsung filed a motion to transfer, stay, or dismiss the Dealers Action to the Central District of California on the basis of the first-filed rule and/or *forum non conveniens*. On the same day, in the Samsung Action, Dealers filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the action to the Middle District of North Carolina on the basis of *forum non conveniens*.

On September 12, 2003, Judge Audrey B. Collins of the Central District of California granted Dealers' motion to dismiss the Samsung Action for lack of personal jurisdiction or, alternatively, to transfer for *forum non conveniens*. *See Samsung Chemical USA, Inc. v. Dealers Supply Co.,* No. CV 03–4952 ABC (Rcx) (C.D.Cal. Sept. 12, 2003). The court found that Dealers had not purposefully availed itself to the state of California and exercise of personal jurisdiction by a California court would be unreasonable. (*Id.* at 14.) Alternatively, the court held that, even if California had personal jurisdiction, the greater interests of convenience and justice would be served by transferring the case to the Middle District of North Carolina. (*Id.* at 22.)

As a result of the California court's order, Defendants' motion to transfer, stay,

or dismiss the Dealers Action to the Central District of California is now moot. Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion to Stay, Transfer or Dismiss Pursuant to the First–Filed Rule or, in the Alternative, for an Order to Transfer Pursuant to 28 U.S.C. § 1404(a) [6–1, 6–2] is DENIED as moot.